UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

          -v.-                                 ORDER

DAMON WHEELER,                         No. 16-CR-478-14 (CS)

              Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Damon Wheeler's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 479.) The motion is based on Defendant's success in a state-prison college program that will be interrupted when he is transferred to federal custody to serve his eighteen-month sentence for violation of his supervised release.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13(a), p.s. The Policy Statement, as amended, *see United States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[1] identifies

---

[1] I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4; *see United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the

as extraordinary and compelling certain circumstances relating to medical condition, age, family, prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity, *see* U.S.S.G. § 1B1.13(b)(1)-(6). The burden is on the defendant to show that a sentence reduction is warranted. *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021).

Defendant has not yet commenced the federal sentence he seeks to have reduced under § 3582(c)(1)(A), and does not allege he has exhausted his administrative remedies as required, *see id.* But even if I were to excuse the failure to exhaust as impracticable, *see United States v. Fernandez*, No. 06-CR-484, 2025 WL 2323766, at *4 (S.D.N.Y. Aug. 12, 2025), I would deny the motion on the merits. Plaintiff suggests that if he were excused from serving his federal sentence, he would continue his education at the NYU campus. He does not allege that he has been accepted into NYU for post-release classes or explain how he would pay for them or support himself, but putting all that aside, he still has not made the required showing. Plaintiff's desire for self-improvement is commendable, as is his participation in NYU classes at Walkill, and it would be a shame if he were unable to complete his current classes because he finishes his state sentence. But interruption in programming from finishing a sentence or being transferred is hardly extraordinary.

Moreover, Defendant relies solely on the effect of the NYU program on his rehabilitation. The Policy Statement provides that rehabilitation alone is not an extraordinary and compelling circumstance, but may be considered in combination with other circumstances in determining whether and to what extent a sentence reduction is warranted. *See id.* § 1B1.13(d); *see also* 28

---

analysis of a compassionate release petition, however initiated."). But the outcome here would be the same even under *Brooker* and the old version of 1B1.13. (The Court will send Defendant copies of any unreported decisions cited in this Order.)

U.S.C.A. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). "While [Defendant's] efforts at rehabilitating himself are commendable and should continue, they do not alone . . . constitute an extraordinary and compelling reason for compassionate release." *White v. United States*, No. 13-CR-255, 2022 WL 4244219, at *5 (W.D.N.Y. Sept. 15, 2022), *aff'd*, No. 22-CR-2337, 2023 WL 8446806 (2d Cir. Dec. 6, 2023); *see United States v. Mayard*, No. 16-CR-609, 2024 WL 3518568, at *4 (S.D.N.Y. July 24, 2024) ("[A]lthough Defendant is to be commended for his attempts at rehabilitation, such efforts do not constitute extraordinary and compelling circumstances."); *United States v. Steele*, No. 19-CR-65, 2021 WL 2138829, at *7 (D. Conn. May 26, 2021) ("admirable" efforts at rehabilitation not extraordinary and compelling alone or in combination with harsh pandemic prison conditions). Good conduct in prison is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

Finally, even if extraordinary and compelling reasons existed, eliminating or reducing Defendant's sentence for violating his supervised release would not comport with the 3553(a) factors set forth in 18 U.S.C. § 3583(e) – including the history and characteristics of the defendant, deterrence and protecting the public from further crimes. As Defendant may recall from when he requested that the federal detainer be lifted because it was preventing him from participating in programming in state custody (which apparently was not the case), "[i]t is unfortunate if [the federal detainer] prevents Mr. Wheeler from participating in work or programming but the consequences of one's 18th conviction, committed while on federal supervised release, are going to be severe." (ECF No. 459).

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to send a copy of this Order to Mr. Wheeler at the address on ECF No. 479.

Dated: November 12, 2025
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.